# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| ACKERMAN MCQUEEN, INC., MERCURY GROUP, INC., HENRY MARTIN, WILLIAM WINKLER, MELANIE MONTGOMERY, AND JESSE GREENBERG,<br>*Movants*<br><br>v.<br><br>NATIONAL RIFLE ASOCIATION OF AMERICA AND WAYNE LAPIERRE,<br>*Respondents* | Case No. A-20-MC-149-LY |

## O R D E R

Before the Court are Movants' Motion to Quash Third Party Subpoena, filed February 7, 2020 (Dkt. No. 1); Respondent National Rifle Associations of America's Opposition to Movants' Motion to Quash Third-Party Subpoena, filed February 14, 2020 (Dkt. No. 4); and Movants' Reply in Support of Motion to Quash Third Party Subpoena, filed February 21, 2020 (Dkt. No. 5). On February 10, 2020, the District Court referred the Motion to Quash to the undersigned for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I. General Background

On August 30, 2019, the National Rifle Association of America ("NRA") filed this lawsuit in the United States District Court for the Northern District of Texas against its longtime public relations firm, Ackerman McQueen, Inc. ("AMc"), alleging fraud, breach of contract, breach of fiduciary duties, copyright infringement, false association under the Lanham Act, and conspiracy.

1

*See NRA v. Ackerman McQueen, Inc.*, No. 3:19-CV-2074-G (N.D. Tex. Aug. 30, 2019).[1] In addition to AMc, the NRA also named as defendants Mercury Group, Inc., a subsidiary of AMc, and AMc employees Henry Martin, William Winkler, Melanie Montgomery, and Jesse Greenberg (collectively, "Movants").

On January 24, 2020, the NRA subpoenaed non-party Six Flags Entertainment Corporation ("Six Flags") to produce the following documents, not limited to any particular time period:

1. Documents that relate to the scope of work and/or services provided to You by Ackerman McQueen, Inc. ("AMc") or Mercury Group, Inc. ("Mercury"), including, but not limited to, identifying all AMc employees, officers, directors, or agents providing such services.

2. Documents concerning the Digital Media programming and content or platform that AMc provided to You, including but not limited to, any Viewership Analytics provided by AMc and documents concerning how AMc created or otherwise generated the Viewership Analytics.

3. Documents concerning forecasts, predictions, or estimates provided to You by AMc concerning the Digital Media and content or platform.

4. Documents concerning the actual performance or success of the Digital Media content and platform.

5. Budgets for services provided or to be provided by AMc or Mercury to You, that were prepared by You, AMc, or Mercury concerning the Digital Media content and platform.

6. Documents that relate to the amount of money spent by You on the Digital Media content and platform.

7. Bills, invoices, and other requests for payment You received from AMc or Mercury concerning Digital Media content and platform.

8. Documents reflecting any concerns about or requests to AMc for information on Six Flags Live or Your Digital Media content and platform, including but not limited to, documents concerning AMc's response.

---

[1] The NRA has filed three additional cases against AMc in Virginia that raise the same claims. *See* Dkt. No. 1 at p. 2.

> 9. Documents and communications, prepared by You, AMc, or Mercury, that refer or relate to the following projects: Six Flags Live.

Dkt. No. 1-1 at p. 2-3.

On February 7, 2020, Movants filed the instant Motion to Quash the Third-Party Subpoena pursuant to Federal Rules of Civil Procedure 45(d)(3)(A)(iv) and 45(d)(3)(B), arguing that the Subpoena is overbroad and unduly burdensome, and seeks irrelevant and confidential information. Alternatively, Movants asks the Court to transfer the Motion to Quash to the Northern District of Texas, where the underlying action is pending, pursuant to Federal Rule of Civil Procedure 45(f).

In response, the NRA maintains that the Court should deny the Motion to Quash because the Subpoena seeks relevant discoverable information. The NRA also agrees with Movants, however, that the Motion to Quash should be transferred to the Northern District of Texas, where the underlying litigation is pending. *See* Dkt. No. 4 at p. 3. The Court agrees.

## II. Analysis

Rule 45(f) governs transfer of a subpoena-related motion. Rule 45 has long required that disputes related to non-party subpoenas be resolved locally "to avoid imposing undue travel or expense burdens on non-parties who are challenging a subpoena." *Visionworks of Am., Inc. v. Johnson & Johnson Vision Care, Inc.*, 2017 WL 1611915, at *1-3 (W.D. Tex. Apr. 27, 2017) (citing FED. R. CIV. P. 45(d)(2)(B)(i), directing that motions to compel be filed in "the district in which compliance is required"). Subsection (f) was added in December 2013 to allow the transfer of such motions to the court that issued the subpoena "if the person subject to the subpoena consents or if the court finds exceptional circumstances" to be present. FED. R. CIV. P. 45(f).

Although the term "exceptional circumstances" is not defined in the Rules, the Advisory Committee's comments to the amendment explain that "transfer to the court where the action is pending is sometimes warranted" where the interests in having the issuing court decide the

discovery dispute "outweigh the interests of the party served with the subpoena in obtaining local resolution of the motion." FED. R. CIV. P. 45 advisory committee's notes to 2013 amendment, Subdivision (f). The Committee further notes that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." *Id.*

In the interests of consistency and judicial economy, the Court finds that the Northern District of Texas should rule on the instant Motion to Quash. As both parties agree, "[t]he Northern District of Texas has the greatest familiarity with the nature of the case." Dkt. No. 4 at p. 3. In addition to other pending motions, a motion to compel raising issues similar to the instant Motion to Quash is currently pending before the Northern District of Texas. A protective order also is in place in the underlying litigation.

The Northern District of Texas is in the best position to make rulings on the scope of discovery and to evaluate the relevance of the requested documents and any undue burden the production might cause. Given the protective order and the similar discovery disputes currently pending before the Northern District of Texas, any ruling by this Court has the potential to disrupt the Northern District's management of the underlying case, both procedurally and substantively. "A transfer will 'avoid disrupting the issuing court's management of the underlying litigation,' and enable resolution of fundamental issues underlying this matter." *In re Nonparty Subpoenas Duces Tecum*, 327 F.R.D. 23, 26 (D.D.C. 2018) (quoting FED. R. CIV. P. 45(f) advisory committee's notes). In addition, "[u]niformity of discovery rulings . . . is critical to achieving fairness to the parties and non-parties." *Visionworks of Am., Inc. v. Johnson & Johnson Vision Care, Inc.*, 2017 WL 1611915, at *2 (W.D. Tex. Apr. 27, 2017).

4

In sum, the transfer of the Motion to Quash will advance the interests of consistency and judicial economy in this case.

Based on the foregoing, Movants' Motion to Quash Third Party Subpoena (Dkt. No. 1) is **GRANTED IN PART**. **IT IS HEREBY ORDERED** that Movants' Motion to Quash Third Party Subpoena is **TRANSFERRED** to the United States District Court for the Northern District of Texas, Dallas Division.

**IT IS FURTHER ORDERED** that this cause of action is **CLOSED**.

**SIGNED** on February 26, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE