IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ACKERMAN MCQUEEN, INC., ET AL.,  §<br>    MOVANTS, §<br> §<br>V. §<br> §<br>NATIONAL RIFLE ASSOCIATION OF §<br>AMERICA, ET AL., §<br>    RESPONDENTS. § | Case No. 3:20-MC-22-G-BK |

## ORDER

Pursuant to the District Judge's *Pretrial Management Order*, Doc. 8, Petitioners' *Motion to Quash Third Party Subpoena*, Doc. 1, is before the Court for determination. For the reasons that follow, the motion is granted only to the limited extent specified herein.

### I. BACKGROUND

The National Rifle Association of America ("NRA") and its CEO, Wayne LaPierre ("LaPierre"), filed a separate civil action in this Court (cause number 3:19-CV-2074) asserting claims based on the termination of a long time business relationship between the NRA and Ackerman McQueen, Inc. ("Ackerman"), a public relations agency, and Mercury Group, Inc. (collectively, "AMc"), a wholly-owned subsidiary of Ackerman that specializes in public communications strategy. Doc. 4-18 at 2, 7, 10. The NRA also brings claims against three Ackerman executives.[1] Doc. 4-18 at 8.

In the underlying civil action, the NRA specifically asserts that Movants violated the Lanham Act and committed copyright infringement, and, alternatively, conversion, because

---

[1] For consistency sake, the Court uses the term "Movants" to identify multiple Defendants from the underlying civil case.

AMc's website displayed the NRA's copyrighted works and listed the NRA as a client after the parties had terminated their business relationship. Doc. 4-18 at 41-46. The NRA also asserts:

- Movants committed fraud by overcharging the NRA for services rendered and misrepresenting the performance of the NRA's digital platform, NRATV, Doc. 4-18 at 46-53;

- Movants' actions amount to a breach of their fiduciary duty to the NRA, Doc. 4-18 at 53-56;

- Movants conspired to commit fraud and extort LaPierre and the NRA, Doc. 4-18 at 56-57; and

- AMc breached its contract with the NRA by violating records-inspection, confidentiality, and return-of-property clauses. Doc. 4-18 at 59-62.

Movants filed a counterclaim against the NRA and a third-party complaint against LaPierre. Doc. 4-27. Movants assert claims for (1) libel *per se* against the NRA and LaPierre for accusing AMc of extortion, Doc. 4-27 at 112; and (2) tortious interference with a contract for interfering with AMC's employment agreements with NRATV talents, Doc. 4-27 at 113. Movants further assert a breach of contract claim against the NRA and seek a declaratory judgment that "the NRA has waived and/or is estopped from claiming that the confidentiality provision of the Services Agreement applies only to AMc." Doc. 4-27 at 113-15. Lastly, Movants assert a fraud claim against LaPierre for making false statements concerning NRATV's performance analytics, commentators, and certain NRATV contracts. Doc. 4-27 at 114.

On January 24, 2020, the NRA served a subpoena *duces tecum* on non-party Six Flags Entertainment Corporation ("Six Flags"). The subpoena commands Six Flags to produce, *inter alia*, documents regarding marketing services Movants provided Six Flags and the amounts Six Flags paid for those services. Doc. 1-1 at 8-9. Subsequently, Movants filed the instant motion to quash, Doc. 1, in the United States District Court for the Western District of Texas, which transferred the motion to this Court. Doc. 6.

## II.  APPLICABLE LAW

Unless otherwise limited by the court, parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.  FED. R. CIV. P. 26(b)(1).  On timely motion, an issuing court must quash or – preferably – modify a subpoena that subjects a person or entity to undue burden.  FED. R. CIV. P. 45(d)(3)(A)(iv); *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).  "A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad."  *Wiwa*, 392 F.3d at 818.

## III.  PARTIES' ARGUMENTS

Movants argue that the subpoena should be quashed because subpoenas must "be limited to 'documents that are relevant to any party's claim or defense' and cannot be used to 'develop new claims or defenses that are not already identified in the pleadings.'"  Doc. 1 at 8 (citing *MetroPCS v. Thomas*, 327 F.R.D. 600, 609 (N.D. Tex. 2018)).  Movants also argue that the subpoena is facially overbroad, and thus imposes an undue burden, because it seeks "all documents" of various types and is irrelevant to the NRA's fraud claims.  Doc. 1 at 8; *see* Doc. 1-1 at 8 (defining "document" and "record" as "all writings of any sort" and "Digital Media" as "all digitized content").  Additionally, Movants contend that the subpoena is facially overbroad because Movants' marketing services for Six Flags ended approximately 20 years ago and those services "focused on a website that did not have streamed content, [which is] the primary purpose of NRATV."  Doc. 1 at 9.

The NRA does not challenge Movants' characterizations of the information sought or its temporal scope.  Instead, the NRA argues that Movants lack standing to challenge the third-party subpoena and that the reason the subpoena is not limited in scope is because the NRA lacks

3

knowledge of when Movants provided services to Six Flags. Doc. 4 at 9-11. The NRA also asserts that the subpoena seeks relevant information because, based on the NRA's belief that Movants' prior digital media campaigns for other clients were failures, Movants "***knowingly*** made . . . false statements about NRATV[,]" which is an element of the NRA's fraud claims. Doc. 4 at 7 (emphasis in original). The NRA also contends that the subpoena seeks documents relevant to Movants' alleged reputational harm. Doc. 4 at 8.

### IV.  ANALYSIS

As an initial matter, the NRA's argument that Movants lack standing to quash a non-party subpoena is meritless. "A party, although not in possession or control of the materials sought in a subpoena and not the person to whom the subpoena is directed, has standing to file a motion to quash or modify under Rule 45(c)(3) if he has a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it." *Parker v. Bill Melton Trucking, Inc.*, No. 3:15-CV-2528-G-BK, 2017 WL 6520779, at *3 (N.D. Tex. Feb. 2, 2017) (Toliver, J.) (quoting *Chaput v. Griffin*, No. 3:14-MC-131-G-BN, 2014 WL 7150247, at *2 (N.D. Tex. Dec. 16, 2014) (Horan, J.)). Because Movants are challenging the production of documents relating to the marketing services they provided to Six Flags, as well as their business relationship with Six Flags, the Court finds that they have a sufficient interest in it.

The Court also finds that the subpoena seeks more information than is relevant to the claims and defenses asserted in this case, and, thus, is not proportional to the needs of this case. More specifically, the subpoena lacks any temporal limitation, thereby seeking information that may be too remote to the NRA's claims. *See* Doc. 4-18 at 16 (listing meetings between the NRA and Movants discussing the success of NRATV, dated October 24, 2017 to January 18, 2019). Likewise, the NRA's definition of "Digital Media" with respect to the information to be

produced, Doc. 1-1 at 8, is overbroad because it could require the production of documentation pertaining to services provided that are unlike those at issue in this case. The NRA also has not demonstrated the relevance of the amounts Six Flags was billed or paid for services received. Nevertheless, neither the Court nor the NRA is required to accept Movants' assertions that Six Flags lacks *any* information relevant to the NRA's claims.

Consequently, the Court finds it is appropriate to modify the subpoena to request only that information deemed proportional and relevant. *See Wiwa*, 392 F.3d at 818 (modifying a subpoena is preferable to quashing it).

### V.  CONCLUSION

Accordingly, Movants' *Motion to Quash Third Party Subpoena*, Doc. 1, is **GRANTED** as to Non-Party Six Flags Entertainment Corporation's billing and payment records (request nos. 5-7); thus, Non-Party Six Flags Entertainment Corporation are not required to produce those.

The subpoena *duces tecum* issued to Non-Party Six Flags Entertainment Corporation is hereby modified to limit production only to those documents and communications related to Petitioner's provision of online digital media for Six Flags between January 18, 2014 and January 18, 2019.

Non-party Six Flags Entertainment Corporation is **ORDERED** to produce responsive documents to the subpoena *duces tecum* issued it by the NRA, **as limited herein**, by **September 6, 2020**. Movant is **ORDERED** to provide a copy of this Order to Six Flags as soon as practicable.

**SO ORDERED** on August 6, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

5